IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OILY H. THOMAS, Inmate #B02704; ) <br> PETER GUZMAN, Inmate #N62373; ) <br> JAMES ARMSTRONG, Inmate #A81969; ) <br> BRIAN SMITH, Inmate #B02922, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> ROGER E. WALKER, JR., *et al.*, ) <br> ) <br> Defendants. ) <br> ) | CIVIL NO. 05-380-JPG |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This action comes before the Court on a review of the file. On June 16, 2005, the Court issued an order informing Plaintiffs, among other things, that based on a recent Seventh Circuit opinion, *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004), each would be required to pay the full filing fee in the action (Doc. 4). To date, the Court has received an application for leave to proceed *in forma pauperis* by Plaintiff Brian Smith (Doc. 6), and payment of the full $250.00 filing fee from Plaintiff Oily H. Thomas. The Court has yet to receive payment or applications to proceed *in forma pauperis* from either Plaintiff Peter Guzman or Plaintiff James Armstrong.

**IT IS HEREBY ORDERED** that, within **THIRTY (30) DAYS** of the date of the entry of this order, Plaintiffs *Peter Guzman* and *James Armstrong* shall pay the $250 filing fee applicable to this action. In the alternative, Plaintiffs *Peter Guzman* and *James Armstrong* may each file a motion to proceed *in forma pauperis*, supported by a certified copy of his prison trust fund account

statements for the six-month period immediately preceding the filing of the complaint and an affidavit that includes a statement of his assets.  Plaintiffs *Peter Guzman* and *James Armstrong* are **ADVISED** that in the event either has been transferred among institutions during this six-month period, it is each Plaintiff's responsibility to obtain a copy of his prison trust account statement from each such facility and to forward it to the Court.  Plaintiffs *Peter Guzman* and *James Armstrong* are **FURTHER ADVISED** that their obligation to pay the filing fee for this action was incurred at the time the action was filed; such an obligation will exist whether or not Plaintiffs are granted leave to proceed *in forma pauperis.*  28 U.S.C. § 1915(b)(1); *see also Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS FURTHER ORDERED** that upon conclusion of this thirty-day period, should either Plaintiff fail to comply with this order, he will dismissed from the action for failure to comply with an order of this Court.  FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

The Clerk is **DIRECTED** to send Plaintiffs a sufficient number of copies of the Court's application to proceed *in forma pauperis* form.

**IT IS SO ORDERED.**

**Dated:  September 26, 2005**

    s/ J. Phil Gilbert
    U. S. District Judge