**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **OILY H. THOMAS, Inmate #B02704,** | ) | |
| **PETER GUZMAN, Inmate #N62373,** | ) | |
| **JAMES ARMSTRONG, Inmate #A81969,** | ) | |
| **and BRIAN SMITH, Inmate #B02922,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL NO. 05-380-JPG** |
| **vs.** | ) | |
| | ) | |
| **ROGER E. WALKER, SALVADOR** | ) | |
| **GODINEZ, SHELTON FREY, RUANN** | ) | |
| **TANNER, and OFFICER DELGADO,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiffs, inmates in the Tamms Correctional Center, brings this action for deprivations of their constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiffs Thomas, Guzman, and Armstrong have all paid the required filing fees and Plaintiff Smith previously was granted leave to proceed *in forma pauperis*.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1:** Against all Defendants for violations of due process.

**COUNT 2:** Against all Defendants for exposing Plaintiffs to second-hand tobacco smoke,

in violation of the Eighth Amendment.

**COUNT 3:**    Against unspecified defendants for mishandling food, in violation of the Eighth Amendment.

**COUNT 4:**    Against unspecified defendants for excessive force in violation of the Eighth Amendment.

**COUNT 5:**    Against unspecified defendants for deliberate indifference to a serious medical need.

The Court will first perform a preliminary review of the complaint pursuant to 28 U.S.C.

§ 1915(e)(2), which provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal –
>         (i) is frivolous or malicious;
>         (ii) fails to state a claim on which relief may be granted; or
>         (iii) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).  An action or claim is frivolous if "it lacks an arguable basis either in law or

in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and

any supporting exhibits, the Court finds that none of the claims in the complaint may be dismissed

at this point in the litigation.

### Count 1

Plaintiffs, inmates at Tamms Correctional Center, the highest security prison in Illinois, bring

this action alleging denial of due process in the procedures used by Illinois Department of Corrections

and Tamms officials to determine whether inmates stay in administrative segregation indefinitely and

the procedures used to determine whether inmates may be transferred out of Tamms based on their

behavior and security risk status.  They seek injunctive relief.

In brief, Plaintiffs, all alleged gang members, state that Defendants have kept them in administrative segregation indefinitely without any type of meaningful review of their continued placement in administrative segregation specifically or at Tamms generally.  Plaintiffs state that they are not informed of the criteria used evaluate their continued placement, nor are they given notice of any of the evidence used in determining their continued placement in segregation.  Plaintiffs state that Defendants do not conduct hearings regarding Plaintiffs' confinement status.   Every 90 days they do receive an administrative "review" of their placement, but that review is a "sham" that never results in any changes despite good behavior.  Plaintiffs claim that their indefinite confinement in administrative segregation and at Tamms imposes an atypical and significant hardship in relation to the ordinary incidents of prison life.

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law.  *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship...in relation to the ordinary incidents of prison life." The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*.  In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state.  *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997).  If the inmate is housed at the most restrictive prison in the state, he or she must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.*  In the view of the Seventh Circuit

Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.*  Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

However, the Supreme Court recently determined that state inmates have a liberty interest under the due process clause of the Fourteenth Amendment in avoiding placement at the state's "supermax" prison. *See Wilkinson v. Austin*, 545 U.S. 209 (2005).  Based on *Wilkinson*, the Seventh Circuit determined that the conditions at Tamms, the Illinois "supermax" prison, may pose an atypical and significant hardship in relation to the ordinary incidents of prison life. *See Westefer v. Snyder*, 422 F.3d 570, 589-90 (7th Cir. 2005) (finding that the differences between the conditions at Tamms and the conditions at the Ohio State Penitentiary (analyzed in *Wilkinson*) are not "so qualitatively different as to require a different characterization of the facility for purposes of due process analysis under *Wilkinson*").

Based on these recent opinions, the Court cannot dismiss Count 1 at this point in the litigation.

## COUNT 2

Plaintiffs state that they are constantly exposed to harmful second hand tobacco smoke in their cells at Tamms from staff who are allowed to smoke in many areas of the prison.  Plaintiffs state that the ventilation system is inadequate to filter out the smoke and it is blown directly into Plaintiffs' cells.

The Supreme Court has held that an inmate "states a cause of action under the Eighth Amendment by alleging that petitioners have, with deliberate indifference, exposed him to levels of ETS [environmental tobacco smoke] that pose an unreasonable risk of serious damage to his future

health." *Helling v. McKinney*, 509 U.S. 25, 35 (1993); *see also Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001).  Accordingly, Count 2 cannot be dismissed from the action at this point in the litigation.

C<small>OUNT</small> 3

Plaintiffs state that unnamed defendants mishandle the food served to inmates.  Staff members chew and spit tobacco while serving food, handle food with unwashed hands, serve inmates food that has been dropped on the floor, and serve food without covering their beards, hair, or uniforms, thereby exposing inmates to germs.

In a case involving conditions of confinement in a prison, two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishments clause.  First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  The second requirement is a subjective element – establishing a defendant's culpable state of mind.  *Id.*

Plaintiffs here have not alleged that defendants acted with the requisite state of mind.  At best, their complaint describes negligent handling of food.  Even if Plaintiffs had alleged the requisite culpable state of mind, they would still fail to state a claim because Plaintiffs have not named any defendants personally responsible for mishandling food at Tamms as required to state a claim under section 1983.  The reason that Plaintiffs, even those proceeding pro se, for whom the Court is required to liberally construe their complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint.  *See*

-5-

*Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Fed. R. Civ. P. 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery"). Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). If Plaintiff's are attempting to hold supervisory Tamms officials responsible for the mishandling of food, their attempt fails because the doctrine of respondeat superior does not apply to actions under section 1983. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). As such, Count 3 is **DISMISSED** from the action without prejudice. *See* 28 U.S.C. § 1915A.

## COUNT 4

Plaintiffs state that unnamed defendants have subjected them to unconstitutional excessive force by requiring them to kneel on a concrete floor each time they leave their wing, leading to knee aches, swelling, pain, and causing difficulty jogging, running, and walking up stairs.

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under Section 1983. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. An inmate seeking damages for the use of

excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action. . . . [the] prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10; *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Plaintiffs have not shown that the unnamed defendants forced them to kneel "maliciously and sadistically to cause harm." Without an allegation of the culpable state of mind of the defendants, Plaintiffs have failed to state an excessive force claim. As such, Count 4 is **DISMISSED** from the action with prejudice. *See* 28 U.S.C. § 1915A.

## Count 5

Finally, Plaintiffs state that they did not receive adequate medical treatment for the pain and swelling caused by the forced kneeling.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi,* 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements. The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at ----, 114 S.Ct. at 1977. As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one: "[A] prison official

-7-

must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'");  *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters,* 97 F.3d 987, 991-992 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997).  However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate;  it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm....  Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm.  The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.

> Neglect of a prisoner's health becomes a violation of the Eighth Amendment only if the prison official named as defendant is deliberately indifferent to the prisoner's health--that is, only if he 'knows of and disregards an excessive risk to inmate health or safety.'

*Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir.), *cert. denied,* 516 U.S. 993 (1995); *see also Steele*, 82 F.3d at 179 (concluding there was insufficient evidence of doctor's knowledge of serious medical risk or of his deliberate indifference to that risk; emphasizing that even malpractice is not enough

-8-

proof under *Farmer*); *Miller v. Neathery*, 52 F.3d 634, 638-39 (7th Cir. 1995) (applying *Farmer* mandate in jury instruction). However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur. *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996).

In the instant case, Plaintiffs have not stated a claim of deliberate indifference to a serious medical need because they have not alleged that any specific defendant acted to deprive them of medical care with the requisite culpable state of mind. Accordingly, Count 5 is **DISMISSED** from the action with prejudice. *See* 28 U.S.C. § 1915A.

SUMMARY AND CONCLUSION

Plaintiffs may proceed against Defendants Walker, Godinez, Frey, Tanner, and Delgado on Counts 1 and 2 of the complaint. Counts 3, 4, and 5 are **DISMISSED** from the action.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for ***Defendants Walker, Godinez, Frey, Tanner, and Delgado***. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants ***Defendants Walker, Godinez, Frey, Tanner, and Delgado*** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can

be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal.  Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court.  He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to

-10-

defendant or his counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

### PENDING MOTION

Currently pending before the Court is a document entitled Plaintiff's Second Request for Order to Show Cause for a TRO/and/or Preliminary or Permanent Injunction Order (Doc. 15).

A temporary restraining order (TRO) may issue without notice

only if (1) it clearly appears from the specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

FED.R.CIV.P. 65(b).  The Court is of the opinion that a TRO should not issue in this matter. Plaintiff's allegations do not set forth specific facts demonstrating the likelihood of immediate and

-11-

irreparable harm *before Defendants can be heard*.  Moreover, federal courts must exercise equitable restraint in when asked to take over the administration of a prison, something that is best left to correctional officials and their staff.

Before a court may award **permanent** injunctive relief, a party must demonstrate (1) it has succeeded on the merits; (2) no adequate remedy at law exists; (3) the moving party will suffer irreparable harm without injunctive relief; (4) the irreparable harm suffered without injunctive relief outweighs the irreparable harm the nonprevailing party will suffer if the injunction is granted; and (5) the injunction will not harm the public interest.  *Old Republic Ins. Co. v. Employers Reinsurance Corp.,* 144 F.3d 1077, 1081 (7th Cir. 1998); *see also Amoco Prod. Co. v. Village of Gambell,* 480 U.S. 531, 546 n. 12 (1987).  Without expressing any opinion on the merits of any other of Plaintiff's claims for relief, the Court is of the opinion that a permanent injunction should not issue in this matter at this point in the litigation.

　　　　**IT IS THEREFORE ORDERED** the requests for temporary and permanent injunctive relief (Doc. 15) are **DENIED**.

　　　　**IT IS SO ORDERED.**
　　　　**Dated:  August 23, 2006**


　　　　　　　　　**s/ J. Phil Gilbert**　　　　　　
　　　　　　　　　**U. S. District Judge**

-12-