UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OILY H. THOMAS, PETER GUZMAN, JAMES ARMSTRONG and BRIAN SMITH,<br><br>    Plaintiffs,<br><br>       v.<br><br>ROGER E. WALKER, JR., SALVADOR GODINEZ, SHELTON FRYE, RUANN TANNER and OFFICER DELGADO,<br><br>    Defendants. | Case No. 05-cv-380-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the plaintiffs' motion for a change of judge (Doc. 16). They ask for a new judge because they believe the time the Court took to initially screen the complaint in this case (more than 15 months) reflects a judicial bias toward the defendants. The Court construes the motion to be pursuant to 28 U.S.C. § 455(a).

Section 455(a), states, "Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The standard set forth by this provision is objective and "asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits." *In re Hatcher*, 150 F.3d 631, 637 (7th Cir. 1998) (quoting *Hook v. McDade*, 89 F.3d 350, 354 (7th Cir. 1996)). The decision to recuse turns not on the judge's actual partiality but on the appearance of partiality. *Hatcher*, 150 F.3d at 637 (citing *Liteky v. United States*, 510 U.S. 540, 548 (1994)). "[T]he judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). "Section

455(a) requires recusal if the judge's impartiality might reasonably be questioned by a well-informed, thoughtful observer rather than to a hypersensitive or unduly suspicious person." *O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 988 (7th Cir. 2001) (internal quotations omitted); *accord Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995). The risk of perceived partiality must be "substantially out of the ordinary" before recusal is justified. *Hook*, 89 F.3d at 354 (citing *In re Mason*, 916 F.2d 384, 385-86 (7th Cir. 1990)). Each occasion to consider recusal must be evaluated on its own facts and circumstances. *Nichols*, 71 F.3d at 351. Doubts about whether recusal is required, however, should be resolved in favor of recusal. *Hart*, 796 F.2d at 980; *Nichols*, 71 F.3d at 352.

In order to justify recusal under § 455(a), the impartiality of which a judge is accused will almost always be extrajudicial. *Liteky*, 510 U.S. at 554; *O'Regan*, 246 F.3d at 988; *In re Huntington Commons Assocs.*, 21 F.3d 157, 158-59 (7th Cir. 1994). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555.

A judge has an obligation to hear cases before him where there is no legitimate reason for recusal. *New York City Dev. Corp. v. Hart*, 796 F.2d 976, 980-81 (7th Cir. 1986); *Nichols*, 71 F.3d at 351. "[T]he statute must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Id.* (internal quotations omitted). The Court is also mindful that the statute is not a judge-shopping device. *Nichols*, 71 F.3d at 351; *Hook*, 89 F.3d at 354.

Applying these standards, the Court finds that the plaintiffs have not pointed to any reason the Court's impartiality might reasonably be questioned. While the Court is sincerely sorry for the delay, such delays are often unfortunately part of the judicial process. The Court believes that no well-informed, thoughtful observer could find that a delay like that experienced

in this case was due to any judicial bias.  Accordingly, the Court **DENIES** the motion for a

change of judge (Doc. 16).

**IT IS SO ORDERED.**
**DATED:  August 31, 2006**

                                         s/ J. Phil Gilbert
                                         **J. PHIL GILBERT**
                                         **DISTRICT JUDGE**