IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **OILY H. THOMAS, et al.**, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| V. ) | Civil No. **05-380-JPG** |
| ) | |
| **ROGER E. WALKER, JR., et al.**, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

**PROUD, Magistrate Judge:**

Before the Court is plaintiffs Oily Thomas, Peter Guzman and James Armstrong's motion for a preliminary injunction aimed at: (1) preventing the defendant prison officials from keeping the plaintiffs in segregation for an indeterminate period; and (2) preventing the defendant prison officials from exposing the plaintiffs to second-hand tobacco smoke.  **(Doc. 24).**   This Report and Recommendation is respectfully submitted to United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C).

Plaintiffs Thomas, Guzman, Armstrong and Smith are all in the custody of the Illinois Department of Corrects, housed at all relevant times at Tamms Correctional Center, the state's highest security prison facility.  They filed the above-captioned civil rights action May 27, 2005. **(Doc. 1).**  Count 1 of the complaint alleges that the procedures used by the defendant prison officials to place and keep the plaintiff inmates in administrative segregation at Tamms offend the plaintiff's due process rights in violation of the Fourteenth Amendment.  **(Docs. 1 and 17).** Count 2 alleges that the defendants exposed the plaintiffs to second-hand smoke, in violation of the Eighth Amendment.  **(Docs. 1 and 17).**

1

Plaintiffs motion consists of their three affidavits.  Plaintiff Thomas's affidavit indicates staff at Tamms smoke and he can smell the smoke in his cell.  Thomas otherwise goes on at length about his mother's death; wanting to marry the mother of his child, not having human contact, and other matters unrelated to this action.  **(Doc. 24, pp. 3-4).**  Plaintiff Armstrong's affidavit merely asserts that he has been held in administrative detention without cause.  **(Doc. 24, p. 5).**  Similarly, plaintiff Guzman's affidavit merely asserts that he has been held in administrative detention without cause.  **(Doc. 24, p. 6).**

Defendants have never filed a response to plaintiffs' motion.

### Applicable Legal Standards

The purpose of a preliminary injunction is to minimize the hardship to the parties pending resolution of their lawsuit.  In assessing whether a preliminary injunction is warranted, the party seeking the injunction must demonstrate that: 1) it has a reasonable likelihood of success on the merits of the underlying claim; 2) no adequate remedy at law exists; and 3) it will suffer irreparable harm if the preliminary injunction is denied.  If the court is satisfied that these three conditions have been met, it then must consider whether the irreparable harm the applicant will suffer without injunctive relief is greater than the harm the opposing party will suffer if the preliminary injunction is granted.  In addition, the court must determine whether the preliminary injunction will harm the public interest.

*Anderson v. U.S.F. Logistics (IMC), Inc.,* **274 F.3d 470, 474-475 (7th Cir. 2001) (internal citations omitted).**

### Analysis

Plaintiffs' motion does not set forth any real arguments for injunctive relief and, therefore, should fail on that basis alone.  The following brief analysis is offered for the benefit of the District Court.

By separate Report and Recommendation this Court has recommended that: (1) Count 1 be dismissed as to all plaintiffs based on qualified immunity and the unavailability of monetary damages and injunctive relief; and (2) Count 2 be dismissed as to plaintiff Thomas for failure to exhaust administrative remedies.  (*See* **Docs. 39 and 40).**  In addition, this Court opines that at this juncture the plaintiffs' chance of success on Count 2 is questionable.  *Alvarado v. Litscher*, 267 F.3d 648 (7th Cir. 2001), holds that deliberate indifference to exposure to environmental tobacco smoke can form the basis of a viable Eighth Amendment claim, provided the plaintiff ultimately proves all of the required elements of his case.  However, there is no indication the plaintiffs are prepared to present any medical or scientific evidence of a serious risk to health or safety caused by exposure to second-hand smoke, or that the levels of exposure were at obviously intolerable or dangerous levels.  Causation will be a difficult issue to prove, particularly since that issue remains hotly debated in the medical and scientific community.  Therefore, this Court concludes that there is not a reasonable likelihood of success on Counts 1 or 2.

Monetary damages for any due process violation would be an adequate remedy at law relative to Count 1.  However, it is debatable whether monetary damages provide an adequate remedy relative to Count 2.  Similarly, there is no apparent irreparable harm in holding the plaintiffs in segregation status until the case can be decided on the merits–particularly when it is not clear that the conditions of confinement at Tamms are in fact substantially different from the conditions presented in other IDOC facilities.

In any event, having concluded that there is not a reasonable likelihood of success on Counts 1 and 2, the plaintiffs have failed to satisfy all of the prerequisites for injunctive relief.

## Recommendation

For the aforestated reasons, it is the recommendation of this Court that plaintiffs Oily Thomas, Peter Guzman and James Armstrong's motion for a preliminary injunction **(Doc. 24)** be denied in all respects.

**DATED: July 25, 2007**

          **s/ Clifford J. Proud**
          **CLIFFORD J. PROUD**
          **U. S. MAGISTRATE JUDGE**

## Notice of Response Deadline

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 6(e), the parties shall file any objections to this report and recommendation on or before **August 11, 2007**.