IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **OILY H. THOMAS, et al.**, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| V. | ) | Civil No. **05-380-JPG** |
| | ) | |
| **ROGER E. WALKER, JR., et al.**, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**PROUD, Magistrate Judge:**

Plaintiffs Oily Thomas and James Armstrong[1] are before the Court seeking to compel defendants Walker, Tanner and Delgado to fully answer Interrogatories Nos. 14-16 and Document Requests Nos. 1-8. **(Doc. 42).** The discovery requests and the defendants' responses and/or objections have been submitted along with the plaintiffs' motion. **(Doc. 42-2).** Defendants Walker, Tanner, and Delgado, as well as the other defendants to whom the discovery requests were directed-- defendants Godinez and Frey– have filed a response that essentially reiterates the objections lodged in response to the discovery requests.

Interrogatories 14-16 each request specific information regarding "the occurrence" at Tamms. No date(s) or other identifying information is offered. The defendants objected that they were unable to respond because they did know the date of the occurrence to which the plaintiffs were referring.

An understanding of the claims in this case is necessary to analyzing the subject motion.

---

[1]The motion purports to also be filed on behalf of plaintiffs Guzman and Smith, but only plaintiffs Thomas and Armstrong signed the motion

1

Count 1 of the complaint, which was dismissed after the subject motion to compel was filed, alleges that the procedures used by the defendant prison officials to place and keep the plaintiff inmates in administrative segregation at Tamms offend the plaintiff's due process rights in violation of the Fourteenth Amendment.  **(Docs. 1 and 17).**  Count 2 alleges that the defendants exposed the plaintiffs to second-hand smoke, in violation of the Eighth Amendment.  **(Docs. 1 and 17).**

Interrogatories 14-16 appear to be boilerplate interrogatories more appropriate for an Eighth Amendment excessive force claim, such as a beating.  As drafted, the interrogatories are vague and the defendants cannot be expected to formulate response.  Therefore, plaintiffs' motion to compel is denied, in that the defendants need not further respond to Interrogatories 14-16.

Document Requests 1-8 are aimed at seeking documentation such as disciplinary reports, summaries regarding gang activity and the like, all relative to the plaintiffs' due process claim.  The defendants object that the due process claim is already the subject of a class action, to which the plaintiffs are parties.  A review of the record reveals that Count 1, the due process claim, was dismissed after the subject motion to compel was filed.  Therefore, plaintiffs' motion is moot, in that the information sought is not relevant to the remaining claim regarding second-hand smoke.  Therefore, plaintiffs' motion to compel must be denied relative to Document Requests 1-8; the defendants need not provide the requested documents.

**IT IS THEREFORE ORDERED** that, for the aforestated reasons, the plaintiffs' motion to compel **(Doc. 42)** is **DENIED IN ALL RESPECTS**.

**IT IS SO ORDERED.**

**DATED: August 18, 2008**

> **s/ Clifford J. Proud**
> **CLIFFORD J. PROUD**
> **U. S. MAGISTRATE JUDGE**