IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **OILY H. THOMAS, et al.**, | ) |
| Plaintiffs, | ) |
| v. | ) Civil No. **05-380-JPG** |
| **ROGER E. WALKER, JR., et al.**, | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**PROUD, Magistrate Judge:**

Before the Court is defendants Roger E. Walker, Jr., Salvador Godinez, Shelton Frey, Ruane Tanner and Jose Delgado's motion for summary judgment. **(Doc. 62).** Plaintiffs Oily Thomas, James Armstrong, Peter Guzman and Brian Smith have filed a collective response to the motion. **(Doc. 69).** Defendants also filed a reply. **(Doc. 70).** This Report and Recommendation is respectfully submitted to United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C).

Plaintiffs Thomas, Guzman, Armstrong and Smith are all in the custody of the Illinois Department of Corrections, housed at all relevant times at Tamms Correctional Center, the state's highest security prison facility. They filed the above-captioned civil rights action May 27, 2005. **(Doc. 1).** Count 1 of the complaint alleges that the procedures used by the defendant prison officials to place and keep the plaintiff inmates in administrative segregation at Tamms offend the plaintiff's due process rights in violation of the Fourteenth Amendment. **(Docs. 1 and 17).** The District Court dismissed Count 1 in its entirety **(Doc. 53, p. 4)**, and at this juncture the plaintiffs' appeals on that issue have been dismissed. Count 2 alleges that the defendants

1

exposed the plaintiffs to second-hand smoke, in violation of the Eighth Amendment. **(Docs. 1 and 17).** At this juncture, all of plaintiff Thomas's claims have been dismissed. **(Doc. 40 and 55).** Therefore, only plaintiffs Armstrong and Guzman's claims in Count 2 remain.

The defendants argue that:

(1) Plaintiffs have not suffered a serious health problem attributable to second-hand smoke, and they have no evidence to support their claim regarding future harm; and

(2) Defendants are entitled to qualified immunity, as a finding in the plaintiffs' favor, based on the circumstances alleged, would create new law.

**(Doc. 62).**

The plaintiffs counter that genuine issues of material fact, such as plaintiffs' failure to disclose expert testimony to support their claim, preclude summary judgment. They further argue, citing *Helling v. McKinney*, 509 U.S. 25 (1993), that no one can foresee the future, but the connection between second-hand smoke and cancer is sufficiently established by the Surgeon General's warnings to permit an action. **(Doc. 69).**[1]

In reply, the defendants note that plaintiffs appear to concede that they are not seeking damages for any present harm, thereby conceding that aspect of Count 2. Defendants also observe that plaintiffs acknowledge that they have no evidence of future harm, thereby conceding the claim for future harm in Count 2. Defendants also stress that their argument is that it is not clear under existing law that they were required to protect plaintiffs from the minor

---

[1]Plaintiffs end their response by requesting summary judgement be entered in their favor. Plaintiffs have not filed an actual motion, as required by Local Rule 7.1(a). Therefore, plaintiffs' response is not construed as a motion for summary judgment. For similar reasons, plaintiffs' informal request that they be permitted to amend their complaint to add additional defendants is not construed as a motion. Furthermore, plaintiffs do not indicate why amendment is necessary, nor have they submitted a proposed amended complaint.

health problems they have alleged. **(Doc. 70).**

### The Legal Standard for Summary Judgment

A motion for summary judgment " 'is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events.' " *Steen v. Myers,* **486 F.3d 1017, 1022 (7th Cir. 2007) (quoting** *Hammel v. Eau Galle Cheese Factory,* **407 F.3d 852, 859 (7th Cir. 2005)).** Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Fed.R.Civ.P. 56(c);** *see Celotex Corp. v. Catrett,* **477 U.S. 317, 322 (1986);** *Spath v. Hayes Wheels Int'l-Ind., Inc.,* **211 F.3d 392, 396 (7th Cir. 2000).** In determining the existence of a genuine dispute of material fact, the Court construes all facts in the light most favorable to the nonmoving party and draws all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.,* **477 U.S. 242, 255 (1986);** *Spath,* **211 F.3d at 396.**

### Analysis

"[D]eliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble***, 429 U.S. 97, 104 (1976);** *Farmer v. Brennan***, 511 U.S. 825 (1994).** Exposure to second-hand smoke can form the basis of an Eight Amendment claim. To state a claim for *present* injuries, plaintiff must show "that the second-hand smoke caused him to suffer serious existing health problems and that the defendants were deliberately indifferent to this situation." *Henderson v. Sheahan,* **196 F.3d 839, 845 (7th Cir. 1999).** More specifically, plaintiff must establish a medical condition

diagnosed by a physician as requiring a "smoke-free environment," or a condition caused by exposure to smoke that requires treatment by a physician. *Id.* The Supreme Court has held that a prisoner may also state an Eighth Amendment claim based on unreasonable risk of *future* injury resulting from the forced exposure to second-hand smoke. **Helling v. McKinney, 509 U.S. 25 (1993).**

The complaint alleges that correctional staff ignored restrictions against smoking and have exposed them to second-hand smoke, thereby endangering their present and future health. **(Doc. 1-2, pp. 6-8).** Plaintiff Armstrong's answers to interrogatories reflect that he suffers from shortness of breath that is affected by exposure to second-hand smoke, and that Dr. Carter at Sheridan Correctional Center instructed him in 1988 and in 1994-1995 to avoid such exposure, as did other unidentified doctors at other facilities. **(Doc. 62-2, pp. 1-2).** Armstrong indicates proof of harm would require an independent medical examination, but he mentions a threat of cancer. **(Doc. 62-2, pp. 2-3).** Plaintiff Guzman's answers to interrogatories reveal that testing would be needed to establish his present and future harm due to exposure to second-hand smoke. **(Doc. 62-2, p. 4).** Guzman asserts he has suffered headaches and faces cancer or Alzheimer's disease in the future, but he does not specify which physician, if any, offered that opinion. **(Doc. 62-2, p. 5).** According to his answers to interrogatories, plaintiff Smith does not claim present or future harm due to exposure to second-hand smoke– he would need to be examined. **(Doc. 62-2, pp. 7-9).** None of the plaintiffs have offered additional evidence in support of their claims.

Plaintiffs Guzman and Smith clearly have not alleged any present injuries, and their future injuries are wholly speculative and unsubstantiated by *any* evidence. Plaintiff Armstrong does allege a current medical condition, "shortness of breath," which is purportedly exacerbated

4

by exposure to second-hand smoke. Armstrong appears to claim future harm in two forms: first, harm directly connected with his present ailment; and second, the possibility of cancer.

In accord with *Henderson v. Sheahan*, 196 F.3d 839 (7th Cir. 2000), the defendants should be granted summary judgment on Count 2, relative to all three plaintiffs' claims of present *and* future harm. The plaintiff in *Henderson v. Sheahan* was exposed to second-hand smoke; his alleged present injuries were difficulty breathing, chest pains, dizziness, drowsiness, sinus problems, burning sensations in his throat and headaches. *Id.* **at 842.** He also claimed he might suffer future health problems due to the exposure. *Id.* The Court of Appeals for the Seventh Circuit upheld the dismissal of plaintiff Henderson's claim for present injury, finding that none of his injuries were sufficiently serious, from an objective perspective, to constitute an Eighth Amendment violation. *Id.* **at 845-846 (citing *Oliver v. Deen*, 77 F.3d 156, 158-161 (7th Cir. 1996) (aggravation of an asthmatic condition, causing identical injuries to Henderson's, was found not actionable under the Eighth Amendment)).**

Only plaintiff Armstrong has even alleged a present injury– "shortness of breath." There is no medical evidence to substantiate this condition. In any event, as held in *Henderson v. Sheahan*, shortness of breath is not, from an objective perspective, a serious medical condition. Armstrong has also failed to show that that condition has been exacerbated by the exposure to second-hand smoke, or that the exposure has otherwise caused him to suffer a "serious existing health problem."

In *Henderson v. Sheahan*, plaintiff Henderson's future injury claim also failed, because he did not prove via competent and reliable medical testimony that, to a reasonable degree of medial certainty, *he himself* faced an increased risk of serous injury. *Id.* **at 851-852.** It should

5

be noted that Henderson had proffered an affidavit from a doctor indicating exposure to excessive levels of second-hand smoke leads to a twenty percent increased chance of one contracting atherosclerosis and related medical complications, but he could not opine with a reasonable degree of medical certainty that a person without a present medical condition– plaintiff Henderson in particular– will contract any specific ailment due to exposure to second-hand smoke. *Id*. **at 852-853.**

None of the three plaintiffs in this case have alleged, let alone offered proof of an unreasonable risk of serious damage to future health. According to *Helling v. McKinney*, a plaintiff must show that, objectively, he himself is being exposed to unreasonably high levels of second-hand smoke, in terms of science and statistics, as well as what society is willing to tolerate. **Helling, 509 U.S. at 36.** A subjective element of proof is also required, in that the plaintiff must prove deliberate indifference. *Id.* Plaintiffs have simply offered no proof to support a claim of future injury, or of any increased likelihood of serious medical harm that is specific to them.

In the event the Court does not grant the defendants summary judgment based on the merits of their arguments, the defendants' fallback position of claiming qualified immunity is a good one. Qualified immunity shields officers from liability for civil damages where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." **Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).** *Henderson v. Sheahan*, 196 F.3d 839 (7th Cir. 2000), cited above, clearly addresses the factual and legal scenario presented in this case. Actually, plaintiff in Henderson offered more proof than do the plaintiffs in this action.

6

**Recommendation**

For the aforestated reasons, it is the recommendation of this Court that defendants Roger E. Walker, Jr., Salvador Godinez, Shelton Frey, Ruane Tanner and Jose Delgado's motion for summary judgment **(Doc. 62)** be granted in all respects. If this Report and Recommendation is adopted, all claims brought by all plaintiffs will have been disposed of and final judgment can enter, in favor of the defendants and against the plaintiffs.

**DATED: August 19, 2008**

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**

**Notice of Response Deadline**

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 6(e), the parties shall file any objections to this report and recommendation on or before **September 7, 2008**. No extensions of time will be granted.